IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION



U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
NOV 1 4 2018
CLERK, U.S. DISTRICT COURT
By_____
Deputy

UNITED STATES OF AMERICA

v.

LAURIE ANN REESE

No. 4:18-CR-269-Y

## PLEA AGREEMENT WITH WAIVER OF APPEAL

**Laurie Ann Reese** ("Defendant"), Antonio Brook, Defendant's attorney, and the United States of America ("Government"), agree as follows:

1. **Rights of Defendant**: Defendant understands that she has the right

   a. to plead not guilty;

   b. to have a trial by jury;

   c. to have her guilt proven beyond a reasonable doubt;

   d. to confront and cross-examine witnesses and to call witnesses in her defense; and

   e. against compelled self-incrimination.

2. **Waiver of Rights and Plea of Guilty**: The defendant waives these rights, waives any defenses she may have based on any statute of limitations, and pleads guilty to the offense alleged in Count One of the Information, charging a violation of 18 U.S.C. § 1344, that is, Bank Fraud. The defendant understands the nature and elements of the crime to which she is pleading guilty, and agrees that the factual resume she has signed is true and will be submitted as evidence.

3. **Sentence**: The maximum penalties the Court can impose include:

    a. imprisonment for a period not to exceed thirty (30) years;

    b. a fine not to exceed one million dollars ($1,000,000), or both such fine and imprisonment;

    c. a term of supervised release of not more than five (5) years, which may be mandatory under the law and will follow any term of imprisonment. If the defendant violates any condition of the term of supervised release, the Court may revoke such release term and require that the defendant serve an additional period of confinement;

    d. a mandatory special assessment of $100;

    e. forfeiture of property;

    f. restitution to victims or to the community; and

    g. costs of incarceration and supervision.

4. **Court's Sentencing Discretion and Role of the Guidelines**: The defendant understands that the sentence in this case will be imposed by the Court after consideration of the United States Sentencing Guidelines. The Defendant has reviewed the guidelines with her attorney, but understands no one can predict with certainty the outcome of the Court's consideration of the guidelines in this case. The defendant will not be allowed to withdraw her plea if her sentence is higher than expected. The defendant fully understands that the actual sentence imposed (so long as it is within the statutory maximum) is solely in the discretion of the Court.

5. **Mandatory special assessment**: Defendant agrees to pay to the U.S. District Clerk the amount of $100.00, in satisfaction of the mandatory special assessment in this case.

6. **Defendant's agreement**: Defendant shall give complete and truthful information and/or testimony concerning her participation in the offense of conviction. Upon demand, Defendant shall submit a personal financial statement under oath and submit to interviews by the government and the U.S. Probation Office regarding her capacity to satisfy any fines or restitution.

7. **Defendant's testimony**: The defendant is not obligated by this agreement to testify in any criminal proceeding related to this case, nor is she required to provide testimony concerning any other criminal offenses about which she has knowledge. If she chooses to do so, however, her testimony must be complete and truthful. Incomplete or dishonest testimony will be a breach of this agreement.

8. **Government's Agreement**: The government will not bring any additional charges against Defendant based upon the conduct underlying and related to the Defendant's plea of guilty. After sentence is imposed, the government will move to dismiss any remaining charges against the defendant. This agreement is limited to the United States Attorney's Office for the Eastern and Northern District of Texas and does not bind any other federal, state, or local prosecuting authorities, nor does it prohibit any civil or administrative proceeding against Defendant or any property.

9. **Violation of Agreement**: Defendant understands that if she violates any provision of this agreement, or if her guilty plea is vacated or withdrawn, the Government will be free from any obligations of the agreement and free to prosecute Defendant for all offenses of which it has knowledge. In such event, Defendant waives any objections based upon delay in prosecution. If the plea is vacated or withdrawn for any reason other than a finding that it was involuntary, Defendant waives objection to the use against her of any information or statements she has provided to Government and any resulting leads.

10. **Voluntary Plea**: This plea of guilty is freely and voluntarily made and is not the result of force or threats, or of promises apart from those set forth in this plea agreement. There have been no guarantees or promises from anyone as to what sentence the Court will impose.

11. **Waiver of right to appeal or otherwise challenge sentence**: Defendant waives her rights, conferred by 28 U.S.C. § 1291 and 18 U.S.C. § 3742, to appeal from her conviction and sentence. She further waives her right to contest her conviction and sentence in any collateral proceeding, including proceedings under 28 U.S.C. § 2241 and 28 U.S.C. § 2255. Defendant, however, reserves the rights (a) to bring a direct appeal of (i) a sentence exceeding the statutory maximum punishment, or (ii) an arithmetic error at sentencing, (b) to challenge the voluntariness of her plea of guilty or this waiver, and (c) to bring a claim of ineffective assistance of counsel.

12. **Representation of Counsel**: Defendant has thoroughly reviewed all legal and factual aspects of this case with her lawyer and is fully satisfied with that lawyer's

legal representation. Defendant has received from her lawyer explanations satisfactory to her concerning each paragraph of this plea agreement, each of her rights affected by this agreement, and the alternatives available to her other than entering into this agreement. Because she concedes that she is guilty, and after conferring with her lawyer, Defendant has concluded that it is in her best interest to enter into this plea agreement, and all of its terms, rather than to proceed to trial in this case.

13. **Limitation of Agreement**: This agreement is limited to the United States Attorney's Office for the Eastern and Northern District of Texas and does not bind any other federal, state, or local prosecuting authorities, nor does it prohibit any civil or administrative proceeding against the defendant or any property.

14. **Entirety of Agreement**: This document is a complete statement of the parties' agreement and may not be modified unless the modification is in writing and signed by all parties.

AGREED TO AND SIGNED this _19_ day of _October_, 2018.

JEFFERSON B. SESSIONS, III
ATTORNEY GENERAL

JOSEPH D. BROWN
U.S. ATTORNEY
Eastern District of Texas

_____
LAURIE ANN REESE
Defendant

_____
CHRISTOPHER A. EASON
Special Attorney to the U.S. Attorney General

Plea Agreement – Page 5

_(signature)_
~~ANTONIO BROOK~~ Brook Antonio, II
Attorney for Defendant

I have read (or had read to me) this Plea Agreement and have carefully reviewed every part of it with my attorney. I fully understand it and voluntarily agree to it.

_(signature)_      10/19/2018
LAURIE ANN REESE     Date
Defendant

I am the defendant's counsel. I have carefully reviewed every part of this Plea Agreement with the defendant. To my knowledge and belief, my client's decision to enter into this Plea Agreement is an informed and voluntary one.

_(signature)_     10/19/2018
~~ANTONIO BROOK~~ Brook Antonio, II     Date
Attorney for Defendant

Plea Agreement – Page 6