# UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF TEXAS
### Fort Worth Division

| | |
|---|---|
| UNITED STATES OF AMERICA | **JUDGMENT IN A CRIMINAL CASE** |
| v. | Case Number: 4:18-CR-269-Y(1) |
| | Christopher A. Eason, assistant U.S. attorney |
| LAURIE ANN REESE | Brook Antonio, attorney for the defendant |

On November 14, 2018, the defendant, Laurie Ann Reese, entered a plea of guilty to count one of the one-count information. Accordingly, the defendant is adjudged guilty of such count, which involves the following offense:

| **TITLE & SECTION** | **NATURE OF OFFENSE** | **OFFENSE CONCLUDED** | **COUNT** |
|---|---|---|---|
| 18 U.S.C. § 1344 | Bank Fraud | April 19, 2018 | 1 |

The defendant is sentenced as provided in pages two through four of this judgment. The sentence is imposed under Title 18, United States Code § 3553(a), taking the guidelines issued by the United States Sentencing Commission under Title 28, United States Code § 994(a)(1), as advisory only.

The defendant shall pay immediately a special assessment of $100.00 for count one of the one-count information.

The defendant shall notify the United States attorney for this district within thirty days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.

Sentence imposed March 26, 2019.

_/s/ Terry R. Means_
TERRY R. MEANS
UNITED STATES DISTRICT JUDGE

Signed March 27, 2019.

Case 4:18-cr-00269-Y   Document 34   Filed 03/27/19    Page 2 of 4   PageID 582
Judgment in a Criminal Case
Defendant: Laurie Ann Reese
Case Number:  4:18-CR-269-Y(1)                                                                 Judgment -- Page **2** of **4**

## IMPRISONMENT

The defendant, Laurie Ann Reese, is hereby committed to the custody of the Federal Bureau of Prisons to be imprisoned for a term of 36 months on count one of the one-count information.

The Court recommends that the defendant be incarcerated in a facility that can treat the defendant's serious medical conditions, which include diverticulitis and neuropathy.

The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons before 2 p.m. on April 22, 2019, as notified by the United States marshal or as notified by the probation office.

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be placed on supervised release for a term of 5 years on count one of the one-count information.

While on supervised release, the defendant shall comply with the standard conditions recommended by the United States Sentencing Commission, and shall:

( 1)   not leave the judicial district without the permission of the Court or probation officer;
( 2)   report to the probation officer in a manner and frequency directed by the Court or probation officer;
( 3)   answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
( 4)   support the defendant's dependents and meet other family responsibilities;
( 5)   work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;
( 6)   notify the probation officer within seventy-two (72) hours of any change in residence or employment;
( 7)   refrain from excessive use of alcohol and not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician;
( 8)   not frequent places where controlled substances are illegally sold, used, distributed, or administered;
( 9)   not associate with any persons engaged in criminal activity and not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
(10)   permit a probation officer to visit the defendant at any time at home or elsewhere and permit confiscation of any contraband observed in plain view by the probation officer;
(11)   notify the probation officer within seventy-two (72) hours of being arrested or questioned by a law enforcement officer;
(12)   not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the Court; and
(13)   notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement, as directed by the probation officer.

In addition the defendant shall:

not commit another federal, state, or local crime;

not possess illegal controlled substances;

not possess a firearm, destructive device, or other dangerous weapon;

cooperate in the collection of DNA as directed by the probation officer, as authorized by the Justice for All Act of 2004;

report in person to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Federal Bureau of Prisons;

not be employed in any fiduciary capacity or any position allowing access to credit or personal financial information of others, unless the defendant's employer is fully aware of the offense of conviction and with the approval of the probation officer;

refrain from incurring new credit charges or opening additional lines of credit without approval of the probation officer;

provide to the probation officer any requested financial information; and

make restitution in the amount of $992,854.02. Restitution shall be paid to the U.S. District Clerk, 501 West 10th Street, Room 310, Fort Worth, Texas 76102, for disbursement to the Jewish Federation of Fort Worth and Tarrant County, in the amount of $957,854.02; Hartford Insurance, in the amount of $10,000; and Guide One Insurance in the amount of $25,000. If, upon commencement of the term of supervised release, any part of the $992,854.02 in restitution ordered by this judgment remains unpaid, the defendant shall make payments on such unpaid balance at the rate of at least $200 per month, the first such payment to be made no later than 60 days from the date of this judgment with another payment to be made on the same day of each month thereafter until the restitution is paid in full.

The mandatory drug testing condition is suspended based on the Court's determination that the defendant poses a low risk of future substance abuse.

## FINE/RESTITUTION

The Court does not order a fine or costs of incarceration because the defendant does not have the financial resources or future earning capacity to pay a fine or costs of incarceration.

The defendant is ordered to make restitution, in the amount of $992,854.02. Restitution shall be paid to the U.S. District Clerk, 501 West 10th Street, Room 310, Fort Worth, TX 76102, for disbursement to:

Jewish Federation of Fort Worth
Attn: Robert Goldberg
4049 Kingsridge Road
Fort Worth, TX 76109
$957,854.02

Guide One Insurance
a/s/o Jewish Federation of Fort Worth
P.O. Box 14543
Des Moines, IA 50306-3538
$25,000
Claim No. AA105382

Hartford Insurance
P.O. Box 958457
Lake Mary, Florida 32795-9958
$10,000
Event No. CP0017861965/Claim No. Y50 B 84231

  Restitution is due and payable immediately, but if, upon commencement of the term of supervised release, any part of the $992,854.02 restitution ordered by this judgment remains unpaid, the defendant shall make payments on such unpaid balance at the rate of at least $200 per month, the first such payment to be made no later than 60 days after the defendant's release from confinement and another payment to be made on the same day of each month thereafter until the restitution is paid in full.

  This payment schedule does not affect the enforceability of the restitution order and the continuing obligation of Laurie Ann Reese, to pay restitution in full as soon as possible. Nothing in this judgment shall be construed to limit the ability of the U.S. Attorney's Office to fulfill its statutory obligation to enforce restitution under the Federal Debt Collection Procedures Act, 28 U.S.C. § 3001, et seq., or under any other statutory provision, during supervision or after release.

  However, no restitution shall be payable during incarceration from funds deposited into the defendant's inmate trust account or paid to the defendant for work performed during incarceration.

## RETURN

  I have executed this judgment as follows:

_____

_____

_____

  Defendant delivered on _____ to _____

at _____, with a certified copy of this judgment.

_____
United States marshal

BY _____
      deputy marshal